UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTIN RUSSO,

Plaintiff,

v.

DAVID LIVINGSTON, et al.,

Defendants.

Case No. 25-cv-09523-AMO (PR)

**ORDER DIRECTING PLAINTIFF TO PROVIDE A CURRENT ADDRESS; AND TERMINATING PENDING MOTION AS MOOT**

Re: Dkt. No. 2

Mail recently sent to Plaintiff Justin Russo, who is representing himself, has been returned as undeliverable, indicating that Russo is no longer in custody. *See* Dkt. 8. Specifically, on May 28, 2026, mail directed to Russo by the Court was returned to the Clerk of Court with the following notation, "INACTIVE/N.I.C. [Not In Custody]." *Id.* at 1. Further notations indicated: "RETURN TO SENDER[,] NOT DELIVERABLE AS ADDRESSED[,] UNABLE TO FORWARD." *Id.* Additionally, on July 1, 2026, another piece of mail directed to Russo by the Court in his other action was returned to the Clerk with similar notations, which also indicated that it was returned as undeliverable because Russo was not in custody as he had been "parole[d]." *See* Case No. 25-cv-08884-AMO (PR), Dkt. 38 at 1. Moreover, a check of the prison's online inmate finder on July 16, 2026, shows that he is no longer listed as being in custody. To date, Russo has not updated his address with the Court or submitted any further pleadings in this case.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may, on its own motion, dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11 a

United States District Court
Northern District of California

self-represented party whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the self-represented party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address. *See* L.R. 3-11(b).

In light of the foregoing, Russo shall inform the Court of his current address no later than **sixty (60) days** from the date mail directed to him in this matter is returned as undeliverable. **Failure to timely inform the Court of his current address shall result in dismissal of this action without prejudice under Local Rule 3-11(b) and Federal Rule of Civil Procedure 41(b).**

Russo's pending motion to proceed *in forma pauperis*, *see* dkt. 2, is **TERMINATED** as moot without prejudice to refiling after Russo provides his current address.

**IT IS SO ORDERED.**

Dated: August 4, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**